Oliver DIXON, Appellant,

v.

Robert HOLDEN, Treasurer, State of Missouri, Richard A. Hanson, Commissioner of Admin., Respondents.

No. WD 53936.

Missouri Court of Appeals, Western District.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1998.

Application for Transfer Denied March 24, 1998.

E. Fairfax Jones, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondents.

Before EDWIN H. SMITH, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Judge.

The genesis of this appeal was in federal court where Dixon, under 42 U.S.C § 1983, sued his superior officers at the Highway Patrol for their failure to take action after learning Dixon's phone at headquarters had been illegally wiretapped. Dixon obtained a consent judgment for $225,000. Missouri refused to pay the judgment. Dixon then attempted to have the judgment satisfied by Missouri by filing for a declaratory judgment in state court claiming the state was responsible for the judgment under the auspices of the State Legal Expense Fund, §§ 105.711–105.726, RSMo 1994. The defendants in the circuit court declaratory suit were Holden, Missouri's State Treasurer, and Hanson, the state Commissioner of Administration. This court affirmed the trial court's judgment declaring Missouri was responsible in satisfying the U.S. District Court's judgment. *Dixon v. Holden*, 923 S.W.2d 370 (Mo.App.1996).

Dixon then filed this action under § 527.100 RSMo 1994 (declaratory judgment chapter allowing award of costs as may seem equitable and just) and 42 U.S.C § 1988 (Civil Rights Attorney's Fees Awards Act), an application for his attorneys' fees expended in collecting on the judgment. The same defendants from the prior declaratory suit resisted. The trial court denied the attorney fee motion saying the defendants are not subject to suit under 42 U.S.C. § 1983 or to an award of attorneys' fees under 42 U.S.C. § 1988 and, because of the doctrine of sovereign immunity defendants are not "subject to an award of attorneys fees as costs under § 527.100 ..." RSMo.1994.

Without unduly rehashing *Dixon*, that opinion made abundantly clear: (1) a § 1983 claim for denial of constitutional rights under color of state law is covered in the State Legal Expense Fund, § 105.711.2, and this law was the legal basis for the state bearing the burden to satisfy the federal civil

rights judgment of *Dixon,* 923 S.W.2d at 374—75, and (2) the doctrine of sovereign immunity is not altered by the Act nor implicated in the case, as § 105.711 et. seq. "does not expand the state's tort liability, [but] is merely a voluntary assumption of defense and payment of judgments ... against state employee (sic) sued for their conduct arising out of and performed in connection with official duties on behalf of the state." *Id.* at 379. In no uncertain terms, *Dixon* held the defendants were to satisfy the judgment they had resisted though writs and appeals leading up to the opinion.

▌Section 1988(b) of the Civil Rights Attorney's Fees Awards Act specifically allows a court to award the successful party attorney fees as costs in any action or proceeding to enforce rights claimed to have been denied under § 1983. *Blanchard v. Bergeron,* 489 U.S. 87, 89, 109 S.Ct. 939, 942, 103 L.Ed.2d 67 (1989). Where it is in the court's discretion to award attorney fees under § 1988, the prevailing party should ordinarily recover unless special circumstances would make it unjust. Such an award under § 1988 may be entered against state government without running afoul of the Eleventh Amendment. *Hutto v. Finney,* 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978) ("[I]t is. intended that the attorneys' fees like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency under his control ...."). Likewise state courts may award attorney fees as costs pursuant to § 1988. *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980).

▌The defendants here are subject to an award of attorney fees under 42 U.S.C. § 1988. The doctrine of sovereign immunity does not impact on this case to preclude an assessment costs under § 527.100 RSMo 1994. The judgment, on the basis of an error of law, is reversed and remanded for a hearing to determine reasonable attorney fees.

The judgment is reversed and remanded for findings in accordance with this opinion.